IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK ANTHONY DOLPH | § | |
| VS. | § | CIVIL ACTION NO. 5:14cv163 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Mark Anthony Dolph, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for unlawful possession of a firearm by a felon.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Petitioner asserted the following grounds for review: (1) there was insufficient evidence he knowingly, intelligently and voluntarily waived his right to counsel; (2) the trial court erred in concluding his *Miranda* rights were not violated; (3) his indictment was defective; (4) his indictment contained an improper enhancement paragraph; (5) he received ineffective assistance of counsel at trial because counsel: (a) failed to object to the jury charge and (b) failed to investigate an improper enhancement paragraph in the indictment; and (6) he received ineffective assistance of counsel on appeal because appellate counsel failed to argue there was insufficient evidence to support the verdict. Petitioner only objects to the Magistrate Judge's conclusion regarding his first, second, fourth, fifth and sixth grounds for review.

*Ground for Review 1*

Petitioner contends there was insufficient evidence that he knowingly, intelligently and voluntarily waived his right to counsel. He asserts the trial court failed to admonish him regarding the nature of the charge against him, the statutory offense included within it, the range of allowable punishment, the possible defenses to the charge and any mitigating circumstances.

Petitioner raised this ground for review on direct appeal. The intermediate appellate court stated that Derric McFarland, a public defender, was appointed to represent petitioner. However, on the day of jury selection, petitioner informed the court he wished to represent himself. In allowing Dolph to represent himself, the trial court determined petitioner's level of education and his mental competency and warned him that he would be required to comply with the applicable rules of evidence and procedure. In rejecting this ground for review, the intermediate appellate court stated:

> We find that the record contains proper admonishments concerning pro se representation and all necessary inquiries to enable the trial court to assess Dolph's knowing exercise of the right to defend himself. Dolph's persistence in asserting his right of self-representation despite the court's admonishments was all that was required in order for the court to determine that the assertion was made purposefully.
>
> Dolph's only complaint, then, is that there is "insufficient evidence that Appellant knowingly, intelligently, and voluntarily waived his right to counsel." He asserts that "the admonishments that were crucial to Appellant's case were those related to the range of punishment, possible defenses to the statutory offense, and any mitigating circumstances."
>
> Dolph complains that "the admonishments that were crucial to [his] case were those related to the range of punishment, possible defenses to the statutory offense, and any mitigating circumstances." To assess whether a waiver [of the right to counsel] is effective, courts consider the totality of the circumstances. This means that courts must examine "the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused."
>
> At a pretrial hearing, the trial court instructed Dolph that he was "charged by indictment . . . with the unlawful possession of a firearm by a felon, with two prior felony convictions." At the time, Dolph, represented by counsel, expressly waived the reading of the entire indictment. The State explained the range of punishment Dolph would face at trial:
>
>> For the record, Your Honor, the State made an offer to drop Mr. Dolph's enhancement paragraphs. He is double enhanced as an habitual offender, making his punishment range a minimum of 25 years to 99 or life. The State offered to drop those two enhancement paragraphs and plead Mr. Dolph to eight years. That offer expired last Friday. The State now makes an offer to

> plead him to 10 years today. Otherwise, his minimum will be 25 at trial.
>
> McFarland asked Dolph if he understood the statement and the court asked if he understood the offer. Dolph responded affirmatively. Thus, the record shows that Dolph was aware of the charges against him as well as the range of punishment. Although Dolph complains that the trial court failed to admonish him about possible defenses to the charges and circumstances in mitigation thereof, there is no argument or evidence that any viable defense or mitigating circumstance existed or that the trial court had any information regarding possible defenses or mitigating circumstances.
>
> Waiver of counsel is valid only if the defendant has a broad understanding of the entire matter. Dolph had full knowledge of the proceeding and waived counsel after extensive warnings informed him of the possible consequences of his choice.

*Dolph v. State*, 440 S.W.3d 898, 902-06 (Tex.App.–Texarkana 2013).

The Magistrate Judge stated that while a defendant may forego the assistance of counsel and represent himself, such a choice must be made "knowingly and intelligently." *Faretta v. California*, 422 U.S. 806, 835 (1975). The Magistrate Judge found that the trial court: (1) thoroughly reviewed the issue of self-representation with petitioner; (2) determined why petitioner wanted to represent himself; (3) found petitioner had a GED and was literate and mentally competent; and (4) explained that petitioner would have to abide by the applicable rules of procedure and evidence. The Magistrate Judge also found the intermediate appellate court correctly stated that the trial court informed petitioner of the charge against him and that the prosecutor informed him of the range of punishment. She also agreed that the record did not reveal any defenses petitioner might have to the charge against him or any mitigating circumstances. Accordingly, the Magistrate Judge concluded that the record demonstrated petitioner knowingly, intelligently and voluntarily chose to represent himself and that the rejection by the state courts of this ground for review was not contrary to, or an unreasonable application of, clearly established federal law.

Pursuant to 28 U.S.C. § 2254(d), a federal habeas court may not grant relief with respect to a ground for review that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. An application of clearly established federal

law is unreasonable if the state court identified the correct governing legal principle, but unreasonably applied that principle to the facts. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). In his objections, petitioner acknowledges the intermediate appellate court identified the correct governing legal principle with respect to this ground for review. However, he asserts the court unreasonably applied that principle to the facts of his case.

The Court disagrees. As described in the Magistrate Judge's Report and Recommendation and the opinion of the intermediate appellate court, the trial court went to great lengths to ensure that petitioner's waiver of his right to counsel was knowing and intelligent, as required by the Supreme Court. The court determined petitioner was literate and mentally competent. Petitioner was made aware he would be bound by the rules of evidence and procedure applicable to attorneys and was warned of the possible dangers of self-representation. He was also made aware of the nature of the charge against him and the range of punishment to which he was exposed. As a result, the Court is unable to conclude that the rejection by the state courts of this ground for review was contrary to, or an unreasonable application of, clearly established federal law.

***Ground for Review 2***

Officer Kelly Dial testified against petitioner at trial. He stated he observed a vehicle pull into the parking lot of a store at night. One of the occupants of the vehicle made a hand-to-hand transaction with a person in the parking lot. The vehicle then left the parking lot without any of the occupants entering the store. Suspecting drug activity, Officer Dial noticed the vehicle had an expired tag and made a traffic stop. Petitioner was a passenger in the rear of the vehicle. Officer Dial testified the driver of the vehicle consented to a search and said there might be some crack cocaine in a towel in the back seat. After being asked to exit the vehicle, petitioner told Officer Dial there was a pistol on the back seat that petitioner was holding for a friend.

As his second ground for review, petitioner argues Officer Dial's testimony concerning his statement should have been excluded because Officer Dial had not informed him of his rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The trial court denied petitioner's

request to have the statement excluded because, as a videotape of the traffic stop had already been shown to the jury, any argument for exclusion based on *Miranda* had been waived. Petitioner states this ruling was erroneous because the videotape did not contain his statement about holding the gun for a friend.

The Magistrate Judge observed that the videotape of the traffic stop was not in the record before this Court. The Magistrate Judge concluded that even if the trial court erred in concluding that petitioner's objection based on *Miranda* had been waived, the error was harmless. The Magistrate Judge found that as: (1) *Miranda* warnings are not required to conduct a traffic stop or detain a person briefly to investigate circumstances that raise suspicion regarding criminal activity; (2) petitioner was only placed in handcuffs because there were more suspects at the scene than there were officers and (3) petitioner was told he was not under arrest, Officer Dial's questioning of petitioner did not constitute custodial interrogation. As no *Miranda* warnings would therefore have been required, there would have been no basis to exclude Officer Dial's testimony concerning petitioner's statement.

In his objections, petitioner argues the trial court erred in finding he had waived any objection based on *Miranda*. However, even if this is conceded, the Court agrees with the Magistrate Judge's conclusion that such an error was harmless. *Miranda* only requires that warnings be given before a a custodial interrogation. *Id*. Based on the facts of this case, the Magistrate Judge correctly found petitioner was not in custody when he made the statement described by Officer Dial. Petitioner's objections on this point are therefore without merit.[1]

### Ground for Review 4

Petitioner also contends the first enhancement paragraph of his indictment was void because it did not provide the correct conviction date for the offense described in the paragraph. He states the

---

[1] Petitioner also maintains the trial court failed to comply with certain state statutes and rules when considering this issue. However, such a claim is not cognizable in this proceeding because federal courts will not review a state court's interpretation of its own law in a federal habeas proceeding. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). A federal court does not "sit as a super state supreme court in [a federal habeas] proceeding to review errors under state law." *Id*.

date used in the paragraph, December 18, 1996, was the date on which an order of probation was entered and that an order of probation is not a final conviction.

The Magistrate Judge concluded this ground for review did not provide petitioner with a basis for relief. She stated the sufficiency of a state indictment was not a matter for federal habeas reivew unless the indictment was so defective that the convicting court lacked jurisdiction. She also stated a federal court need not address the issue if the state courts had held that the indictment was sufficient under state law. As the Texas Court of Criminal Appeals had denied petitioner's state application for writ of habeas corpus, and therefore held that the trial court had jurisdiction, the Magistrate Judge found the sufficiency of the indictment was not a matter for federal habeas review.

In his objections, petitioner maintains the date set forth in the first enhancement paragraph was incorrect. As described below, this assertion is correct. However, the Magistrate Judge correctly concluded that where, as here, the Court of Criminal Appeals had determined the indictment was sufficient to provide the trial court with jurisdiction, the sufficiency of the indictment is not a matter for federal habeas review. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994); *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993).

### Ground for Review 5(a)

As stated above, petitioner was convicted of possessing a firearm after having been convicted of a felony. He states counsel should have objected to the lack of a definition for the word "possess" in the court's charge to the jury and asked the court to instruct the jury that in order to have possessed the firearm, he would have had to exercise care, control, custody or management of the firearm.

The Magistrate Judge observed that under Texas law, the prosecution must prove a defendant exercised actual care, custody, control or management of an object in order to prove a defendant possessed the object. This standards requires the prosecution to affirmatively link the defendant to the object.

The jury was told it should find petitioner guilty if it found beyond a reasonable doubt that petitioner intentionally or knowingly possessed the firearm. The Magistrate Judge found that Officer

Dial's testimony about petitioner confessing to possessing the firearm and holding it for a friend affirmatively linked petitioner to the firearm and demonstrated he had custody of the firearm. Noting this was a straightforward case tried on a theory of actual rather than constructive possession, the Magistrate Judge concluded there was not a reasonable probability the jury would have been confused by the lack of a definition for the word "possess" or a reasonable probability petitioner would have been acquitted if the court had defined the word "possess" to mean "actual care, custody, control or management." As a result, petitioner did not suffer prejudice because counsel failed to object to the lack of a definition of the word "possess."[2]

Petitioner disagrees. He contends the jury instructions failed to define the main element to be proved and that there is a reasonable probability the result of the proceeding would have been different if the term "possess" had been defined as he describes. As a result, he believes counsel was ineffective for failing to ask the court to define the term "possess" in its instructions.

As described above, Officer Dial testified petitioner admitted he was holding the weapon for a friend. There was no evidence contradicting this testimony. The jury would have been free to either believe this testimony and find petitioner guilty or disbelieve this testimony and acquit him. In light of the straightforward nature of the testimony and the prosecution's theory of the case, it is almost impossible to conclude the jury could have believed Officer Dial's testimony, but nevertheless would have acquitted petitioner if it had been provided with a definition of the term "possess." Accordingly, there is not a reasonable probability the result of the proceeding would have been different if an explanation had been provided.

---

[2] To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate he suffered prejudice, a petitioner must show there is a reasonable probability that, but for counsel's deficient performance, there is a reasonable probability the result of the proceeding would have been different. *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).

*Ground for Review 5(b)*

As described above, the first enhancement paragraph of petitioner's indictment stated the conviction described in the paragraph occurred on January 18, 1996. Petitioner contends this was actually the date an order of probation was entered, rather than the date of final conviction. Petitioner maintains counsel was ineffective for failing to conduct an investigation to discover this and bring it to the court's attention.

The first enhancement paragraph alleged petitioner was convicted of burglary of a habitation on January 18, 1996. The respondent concedes this date is incorrect and that petitioner was not finally convicted of this offense until August 25, 1998.

Despite this concession, the Magistrate Judge concluded counsel's failure to discover this error and bring it to the court's attention did not constitute ineffective assistance of counsel. First, the Magistrate Judge found that under Texas law, the date of the prior convictions did not need to be pled in the indictment at all. As a result, counsel's failure to object to the incorrect date in the indictment did not constitute deficient performance. Second, the Magistrate Judge observed that under § 12.42(d) of the Texas Penal Code, a defendant would be classified as a repeat offender and subject to increased punishment so long as the prosecution demonstrated the defendant had been previously convicted of two felony offenses and that the second offense occurred after the date on which the conviction for the first offense became final. The conviction described in the second enhancement paragraph was based on an offense that occurred on October 26, 2001. This date was later than the date the conviction described in the first paragraph actually became final, August 25, 1998. As a result, the requirement regarding petitioner's prior convictions being sequential was satisfied. The Magistrate Judge therefore found petitioner suffered no prejudice as a result of counsel's failure to object to the incorrect date in the first enhancement paragraph.

In his objections, petitioner notes the respondent's concession that the date in the first enhancement paragraph was incorrect. He states counsel's failure to discover the date was incorrect and call this fact to the court's attention constituted ineffective assistance of counsel and subjected

8

him to an increased range of punishment.

The Court disagrees. The Magistrate Judge correctly observed that Texas law does not require the date of the prior convictions to be set forth in the indictment. Moreover, as the Magistrate Judge explained, the correct date on which petitioner's first prior conviction became final satisfies the sequential requirement set forth in § 12.42(d) because it was earlier than the date on which petitioner committed his second offense. Counsel's failure to discover that the date in the first enhancement paragraph was incorrect and call this to the court's attention therefore did not constitute deficient performance and did not cause petitioner to suffer prejudice.

*Ground for Review 6*

Finally, petitioner asserts appellate counsel was ineffective because he failed to argue there was insufficient evidence to support the verdict. He contends there was no evidence that he: (a) exercised actual care, control, or custody of the firearm; (b) was conscious of his connection with it and (c) possessed the firearm knowingly or intentionally.

Section 46.04(a)(1) of the Texas Penal Code provides that a person commits an offense under that section if "he possesses a firearm . . . after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony . . . ." The Magistrate Judge observed that Officer Dial provided the following testimony: (1) petitioner was the only person sitting in the rear of the vehicle; (2) after being asked whether there was anything illegal in the rear of the vehicle, petitioner stated there was a pistol in the back seat that he was holding for a friend; (3) petitioner stated the pistol was next to a towel and that he had previously been convicted of a felony and (4) a criminal history search revealed petitioner had been convicted of forgery less then five years prior to the date on which the firearm was discovered. In addition, Officer Alan Scott Eudy testified that: (1) petitioner was sitting next to a towel in the back seat of the vehicle; (2) a search revealed that a weapon was under the towel; (3) petitioner stated he was holding the weapon for a friend and admitted he was a convicted felon and (4) neither of the other passengers claimed ownership of the weapon. Based on this testimony, the Magistrate Judge concluded there was sufficient evidence to

permit a trier of fact to find the elements of the offense beyond a reasonable doubt[3] and that counsel's failure to raise this ground for review on appeal therefore did not constitute deficient performance and did not cause petitioner to suffer prejudice.

In his objections, petitioner contends counsel should have asserted the testimony of Officers Dial and Eudy that petitioner was holding the firearm for a friend was never proven. However, as the Magistrate Judge stated, credibility choices are for the jury and are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 1995). The testimony of Officers Dial and Eudy, in and of itself, constituted sufficient evidence to enable a rational jury to conclude petitioner admitted he was holding the weapon for a friend and was therefore in possession of the firearm. An assertion by counsel to the contrary on appeal would have been found to be without merit. The Court therefore agrees with the Magistrate Judge's conclusion that counsel's failure to assert this ground for review on appeal did not constitute ineffective assistance of counsel.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a certificate of appealability is issued. *See* U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must

---

[3] A verdict will be upheld on appeal so long as, viewing the evidence in the light most favorable to the jury's verdict, any rational trial of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions raised are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding the issuance of a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered this**
Nov 3, 2017

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE